UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADDISON ICE, LLC, an Illinois Limited Liability Company, | ) )  ) | Circuit Court, 18th Judicial Circuit DuPage County, Illinois |
| Plaintiff, | ) | Case No.: 20018L000968 |
| -v- | ) ) ) | U.S.D.C. Case No.: _____ |
| INDIAN HARBOR INSURANCE COMPANY, a Delaware Company, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT, INDIAN HARBOR INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, INDIAN HARBOR INSURANCE COMPANY ("IHIC"), hereby removes the above-captioned lawsuit from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Case No. 2018L000968, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, IHIC submits the following 28 U.S.C. §1446 short and plain statement of the grounds for removal:

**BACKGROUND**

1. Plaintiff, ADDISON ICE, LLC ("Addison Ice") commenced this civil action in state court when it filed a "Complaint for Breach of Contract and Bad Faith" ("Complaint") in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, naming IHIC as the sole Defendant. *See, Addison Ice Complaint, a copy of which is attached hereto as Exhibit 1.*

2. Addison Ice first served its Complaint on IHIC through its agent for service of process in Illinois, the Illinois Department of Insurance, on September 21, 2018. *See, Correspondence from*

*Illinois Department of Insurance, Mailing Documentation, and Summons, copies of which are attached hereto as Exhibit 2.*

3. Pursuant to 28 U.S.C. §1446(d), true and accurate copies of Addison Ice's Complaint, the Summons served on IHIC's agent for service of process, the cover letter IHIC received from the Illinois Department of Insurance, and any other process, pleadings, orders, or other documents served to date, are attached hereto as Exhibits 1 and 2.

4. The dispute in this lawsuit arises out of claims Addison Ice presented for losses it contends occurred and alleges are covered under a first-party property insurance contract, including equipment breakdown coverage, Addison Ice purchased from IHIC.

5. Addison Ice's Complaint consists of three causes of action for alleged breach of the insurance contract at issue, vexatious refusal to pay an insurance claim under 215 ILCS §5/155, and declaratory judgment (in the alternative). *See, Exhibit 1 hereto, Addison Ice's Complaint, Counts I-III.* Addison Ice's Complaint alleges damages in excess of $2,000,000, plus attorney's fees, costs and other amounts allowable under 215 ILCS §5/155, and seeks punitive damages. *Id. at Count I, ¶79 and Prayer for Relief, and Count II, Prayer for Relief.*

6. IHIC has not answered or otherwise plead in response to Addison Ice's Complaint filed in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. Instead, IHIC is filing this Notice of Removal within thirty (30) days of receipt by service of a copy of Addison Ice's Summons and Complaint.

## **GROUNDS FOR REMOVAL**

7. This action is removable under 28 U.S.C. §1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." *See,* 28 U.S.C. §1441(a).

8. This Court has subject matter jurisdiction over Addison Ice's civil action and claims asserted against IHIC in the Complaint under 28 U.S.C. §1332(a) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and because the action is between citizens of different states.

9. Additionally, Addison Ice's civil action and claims against IHIC may be removed to this Court because the United States District Court for the Northern District of Illinois, Eastern Division, is the judicial district and division that includes the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, where Addison Ice's suit was originally filed.

10. This Court also has supplemental subject matter jurisdiction and, hence, removal power over all other claims pursuant to 28 U.S.C. §1367(a).

## Diversity of Citizenship

11. IHIC is, and at all times relevant hereto was, a foreign insurance corporation. Additionally, IHIC is and at all times relevant hereto was a citizen of the State of Delaware, where it is incorporated under the laws of the State of Delaware, and a citizen of the State of Connecticut as well, where it maintains its principal place of business located at Seaview House, 70 Seaview Avenue, Stamford, Connecticut 06902.

12. Addison Ice, on the other hand, is and at all times relevant hereto was "a Michigan limited liability company, registered to do business in the State of Illinois, with its principal place of business located at 475 South Grace Street, Addison, DuPage County, Illinois 60101." *See, Exhibit 1 hereto, Addison Ice's Complaint, ¶1.*

13. As a limited liability company, Addison Ice is a citizen of every state of which any member is a citizen. *See, Belleville Catering Co. v. Champaign Market Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003), citing *Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir. 1998).

14. While Addison Ice alleges that it is a Michigan limited liability company with its principal place of business in Illinois, it does not identify its members or their citizenship in its Complaint or otherwise.

15. Based on a diligent public records search conducted by IHIC and its counsel, the identity and citizenship of all of Addison Ice's members is not reasonably available. IHIC's investigation included, *inter alia*, searches of various sources of publicly available information such as the websites for the States of Michigan, Illinois, Delaware and Connecticut, including the Secretaries of State for the States of Michigan, Illinois, Delaware and Connecticut, searches of publicly available electronic databases and filings in Federal Court (*i.e.,* PACER), as well as electronic court databases and filings in Michigan, Illinois, Delaware and Connecticut, and searches of other business-related search engines such as "Google" regarding Addison Ice, Leon Lekai, the manager of Addison Ice, and Dun & Bradstreet regarding Addison Ice.

16. Based on its searches, inquiries and other investigation efforts, IHIC has developed to date the following information concerning Addison Ice:

    (a) Addison filed its Articles of Organization as a domestic limited liability company in Michigan in or about May 2000, and was assigned "ID Number" B59804 and thereafter operated as a Michigan limited liability company with a registered office at 8436 Homestead, 210, Zeeland, Michigan 49464 *(see, Articles of Organization filed in Michigan, a copy of which is attached hereto as Exhibit 3)*;

(b) Addison Ice filed and registered to do business in Illinois as a foreign limited liability company in September 2000 and was assigned "File Number" 00456462 *(see, Illinois Secretary of State File Detail Report, a copy of which is attached hereto as Exhibit 4)*;

(c) According to the Illinois Secretary of State records, Addison Ice's principal office is located at 475 South Grace Street, Addison, Illinois 60101, which is the location where Addison Ice operated and continues to operate an ice arena and is the location where the claimed losses at issue in this lawsuit occurred *(see, Illinois Secretary of State File Detail Report, a copy of which is attached hereto as Exhibit 4, and Addison Ice's Complaint, a copy of which is attached hereto as Exhibit 1, ¶s 1, 3 and 6-11)*;

(d) Also according to the Illinois Secretary of State records, the "Agent" and "Manager" of the Addison Ice limited liability company is and at all relevant times hereto was Leon A. Lekai, whose address is shown as being one and the same as the Addison ice arena, 475 South Grace Street, Addison, Illinois 60101 *(see, Illinois Secretary of State File Detail Report, LLC Managers Report, a copy of which is attached hereto as Exhibit 5)*;

(e) In Michigan and Illinois, it appears that limited liability companies such as Addison Ice need not disclose the identity or citizenship of their member(s), and in this instance Addison Ice did not disclose the identity or citizenship of its member(s) in its Michigan and Illinois Secretary of State filings *(see, Exhibits 3 and 4 hereto)*, or in other publicly available records IHIC and its counsel were able to access concerning Addison Ice;

5

(f) Leon A. Lekai, an individual, owned and/or resided at one time a home located in the State of Illinois, worked in Illinois at the ice arena that Addison Ice operated at 475 South Grace Street, Addison, Illinois 60101, and otherwise appears to have been a citizen of the State of Illinois at times relevant to the underlying loss claimed as part of the dispute in this lawsuit;

(g) More recently, it appears from searches of publicly available records performed by IHIC and/or its counsel that Leon A. Lekai may own property and/or reside in Tennessee;

(h) Addison Ice and the Manager of the limited liability company that is Addison Ice, Leon Lekai, continue to have connections to the States of Michigan and Illinois where they continue to be registered to do business and operate the ice arena located at 475 South Grace Street, Addison, Illinois 60101. For instance, in April 2017, Addison Ice filed with the Michigan Secretary of State's Office a Certificate of Amendment to the Articles of Organization for the Company, as well as a Certificate of Restoration of Good Standing signed by Leon Lekai as Manager of the limited liability company, which shows that the company's new registered agent is Registered Agents Inc., 2222 W. Grand River Ave. Suite A, Okemos, Michigan 48864, and its new registered office is located at the ice arena located at 475 South Grace Street, Addison, Illinois 60101 *(see, Certificate of Amendment of the Articles of Organization and Certificate of Restoration of Good Standing filed in Michigan, copies of which are attached hereto as Exhibits 6 and 7, respectively)*;

(i) Additionally, a search of the electronic records maintained by the Eighteenth Judicial Circuit Court, DuPage County, Illinois, where Addison Ice commenced this lawsuit, reveals that Addison Ice has been sued and sued there on eight (8) or more other occasions, some suits having been resolved and closed and others remaining open *(see, Eighteenth Judicial Circuit Court Clerk Public Information regarding Case History for Addison Ice, a copy of which is attached hereto as Exhibit 8)*;

(j) A search of the publicly available information from the Offices of the Secretary of States of Delaware and Connecticut revealed no records found for a business named "Addison Ice, LLC" and, thus, it does not appear that Addison Ice is organized or registered to do business in Delaware or Connecticut where IHIC is a citizen *(see, Search Results, No Records Found, from the Secretary of States of Delaware and Connecticut, copies of which are attached hereto as Exhibits 9 and 10, respectively)*; and

(k) Based upon searches of other publicly available records performed by IHIC and/or its counsel, neither Addison Ice nor Mr. Lekai the Manager of the limited liability company appear to have any other connection to or citizenship in the States of Delaware or Connecticut where IHIC is a citizen.

17. Under applicable Federal law, "[where] the information necessary to establish the diversity of the citizenship" of an opposing limited liability company is "not reasonably available" to the party invoking federal subject matter jurisdiction, that party is entitled "to plead its jurisdictional allegations … on information and belief and without affirmatively asserting [the opponent's] citizenship." *See, Carolina Cas. Ins. Co. v. Team Equipment, Inc.,* 741F.3d 1082,

1086 (9th Cir. 2014). In such circumstances, it is sufficient "to allege simply that [the limited liability company was] diverse" to the party invoking jurisdiction. *Id.* at 1087; *See also, Lincoln Benefit Life Co. v. AEI Life, LLC,* 800 F.3d 99, 107 (3rd Cir. 2015) ("[R]ather than affirmatively alleging the citizenship of a defendant, a [insurance company] may allege that [its opponent] is *not* a citizen of the [insurance company's] state of citizenship."). The party invoking jurisdiction "is permitted to make such an allegation even if it is not certain of the association's membership" so long as it has conducted "a reasonable inquiry into the facts alleged." *Lincoln Benefit,* 800 F.3d at 108.[1] *See also, Medical Assur. Co. v. Hellman,* 610 F.3d 371, 376 (7th Cir. 2010) (holding plaintiff permitted to plead on information and belief that defendants are citizens of different states than plaintiff); and *Employers Preferred Ins. Co. v. C&K Hotel Group, LLC*, 2016 WL 755600 *3 (C.D.Ill., Feb. 25, 2016) (citing above 3rd, 7th and 9th Circuit cases with approval, and finding insurance company's pleading alleging members of limited liability company are citizens of a State other than its own state of citizenship is sufficient to satisfy the court that subject matter jurisdiction is proper).

18. Consistent with the case law cited in paragraph 17 above, IHIC alleges upon information and belief, based on the allegations in Addison Ice's Complaint quoted in paragraph 12 above and the results of IHIC's reasonable, good faith investigation summarized in paragraphs 15 and 16 above, that no member of Addison Ice is a citizen of the States of Delaware or Connecticut where IHIC is a citizen and, thus, there is complete diversity between IHIC and Addison Ice because neither Addison Ice itself nor any member is a citizen of IHIC's

---

[1] Although *Carolina Casualty* and *Lincoln Benefit* each involved a plaintiff's attempt to plead federal jurisdiction rather than a defendant's removal petition, that distinction is immaterial because "the relevant language of the removal statute tracks the language of Rule 8(a)." *See, Lincoln Benefit,* 800 F.3d at 107 n. 30 (noting that both 28 U.S.C. §1446(a) and Rule 8(a) require "a short and plain statement of the grounds" for federal jurisdiction).

state of citizenship in Delaware or Connecticut.

19. Accordingly, this lawsuit is between citizens and domiciliaries of different states, and there is complete diversity of citizenship between the parties.

## Amount in Controversy

20. The amount in controversy requirement of 28 U.S.C. §1332(a) is also satisfied here. In this regard, 28 U.S.C. §1446(c)(2) provides that, except in certain specified circumstances which are inapplicable here, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *See also, NLFC, Inc. v. Devcom-Mid-America, Inc.,* 45 F.3d 231, 237 (7th Cir. 1995) ("Generally the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount[.]"); and *Martin v. Ampco System Parking,* 2013 WL 5781311 at *7 (D.Haw. Oct. 24, 2013) (same).

21. In its Complaint, Addison Ice seeks and has demanded an amount in excess of $2,000,000, plus attorney's fees, costs other amounts allowable under 215 ILCS §5/155, and punitive damages. *See, Exhibit 1 hereto, Count I, ¶79 and Prayer for Relief, and Count II, Prayer for Relief.* Such amounts being claimed and demanded in Addison Ice's initial pleading plainly exceed the $75,000 threshold, exclusive of interest and costs, to invoke this Court's subject matter jurisdiction on grounds of diversity of citizenship.

22. Accordingly, the amount in controversy in this action is greater than the sum of $75,000.00, exclusive of interest and costs, and, hence, the amount in controversy exceeds the minimum jurisdictional requirement of this Court. *See, 28 U.S.C. §1332(a).* While IHIC denies that Addison is entitled to any of the relief it seeks, if Addison Ice were to receive the requested relief, IHIC would suffer damages in excess of $75,000.00, exclusive of interest and court costs.

**Original Subject Matter Jurisdiction Exists and Removal Is Appropriate**

23. Because both of the requirements for diversity jurisdiction are satisfied, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the action is removable by IHIC pursuant to 28 U.S.C. §1441(a).

**THE VENUE REQUIREMENT IS MET**

24. The United States District Court for the Northern District of Illinois, Eastern Division, is the judicial district and division that includes the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, where Addison Ice's suit was originally filed. *See, 28 U.S.C. §93(a)(1).*

25. As a result, pursuant to 28 U.S.C. §§ 93(a) and 1441(a), venue in the Northern District of Illinois, Eastern Division, is proper.

**COMPLIANCE WITH REMOVAL PROCEDURES**

26. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b), in that it is being filed within thirty (30) days after receipt by IHIC of Addison Ice's Complaint naming IHIC as a Defendant. As noted above, Addison Ice's Complaint was first served on IHIC through the Illinois Department of Insurance on September 21, 2018.

27. Upon the filing of this Notice of Removal, IHIC shall furnish written notice thereof to counsel of record for Addison Ice. IHIC shall also file and serve a copy of this Notice with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, pursuant to 28 U.S.C. §1446(d), and otherwise comply with its obligations thereunder.

**WHEREFORE,** Defendant, INDIAN HARBOR INSURANCE COMPANY, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), and in conformance with the requirements of 28 U.S.C. §1446(b), hereby removes the above-captioned lawsuit from the Circuit Court of the Eighteenth

Judicial Circuit, DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: October 18, 2018     Respectfully submitted,

**DEFENDANT, INDIAN HARBOR INSURANCE COMPANY**


By: ___*/s/ Edward W. Gleason*___
     One of Defendant's Attorneys

Thomas B. Keegan
Edward W. Gleason
**Senak, Keegan, Gleason, Smith & Michaud, Ltd.**
566 West Adams Street
Suite 750
Chicago, Illinois 60601
(312) 214-1400 (telephone)
(312) 214-1401 (facsimile)
tkeegan@skgsmlaw.com
egleason@skgsmlaw.com

**CERTIFICATE OF FILING AND SERVICE**

I, Susan E. Estelle, hereby certify that on this 18th day of October, 2018, I electronically filed the foregoing, **DEFENDANT, INDIAN HARBOR INSURANCE COMPANY'S NOTICE OF REMOVAL,** with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the Court's ECF filing system. I further certify that I caused to be served a copy of the foregoing instrument, **DEFENDANT, INDIAN HARBOR INSURANCE COMPANY'S NOTICE OF REMOVAL**, upon counsel for Plaintiff, Addison Ice, LLC in the above styled case, Daniel F. Hanlon, Esq., **Marquardt & Belmonte, P.C.**, 311 South County Farm Road, Suite 1, Wheaton, Illinois 60187, and Amiel J. Rossabi, Esq., **Rossabi Law Partners**, **Rossabi Reardon Klein Spivey, PLLC**, 706 Green Valley Road, Suite 410, Greensboro, North Carolina 27408, by enclosing same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein or otherwise, with postage duly prepaid, and by depositing said envelopes in a U.S. Post Office Mail Box in Chicago, Illinois, on this 18th day of October, 2018.

_____*/s/ Susan E. Estelle*_____
Susan E. Estelle